## SIGGERS *v.* SNOW.

## SAME *v.* SAME.

APPELLATE PRACTICE; RECORD; INCORPORATION OF DOCUMENTS BY REFERENCE.

1. That the answer to a bill in equity refers to a bill and the exhibits thereto previously filed by the defendant against the complainant, and prays that they may be taken as parts of the answer, will not suffice to incorporate the papers in question into the record so as to entitle them to consideration by this court.

2. Where such papers are not made exhibits to the answer nor otherwise incorporated into it, but are included by the clerk of the court below in the transcript at the direction of the appellant, a motion by the appellee to expunge them from the record will be allowed; and the correction will be made in this court.

Nos. 936 and 940. Decided November 22, 1899.

HEARINGS on motion to expunge part of the transcript of the record or to return the record to the clerk of the Supreme Court of the District of Columbia for correction; and also, on suggestion of diminution of record.

*Mr. A. S. Worthington* and *Mr. Charles L. Frailey* for the appellant.

*Mr. R. Ross Perry* and *Mr. R. Ross Perry, Jr.,* for the appellee.

Mr. Justice MORRIS delivered the opinion of the Court:

In these two cases, which are special appeals allowed from two several orders of an interlocutory character entered in one and the same suit pending in the Supreme Court of the District of Columbia and instituted by the appellee, Chester A. Snow, against the appellant, Edward G. Siggers, a motion has been made on behalf of the appellee to expunge from the transcript of record filed in this court certain matter

occupying about thirty printed pages of the record, which is alleged to have been improperly included in the transcript. This matter consists of the bill, with the exhibits thereto, of another suit pending between the same parties in the same court growing out of the same subject matter, but wherein the appellant here was complainant and the appellee was defendant, which suit seems to have proceeded in that court *pari passu* with that which has been brought here, and to have been heard together with this on the similar interlocutory orders which have been passed in both. No appeal, however, has been sought in the other cause, although the orders in both appear to have been somewhat similar.

· It is objected now by the appellee that the bill and exhibits thereto of the cause wherein the appellant is complainant in the court below and the appellee defendant, have not been duly made part of the record of the cause now before us, so as to entitle them to appear in the transcript. And it has been shown that they were included by the clerk of the court below in the transcript at the request and by the direction of the solicitor for the appellant.

The record shows that the only consideration for the inclusion of these papers in the transcript is this reference to them in the answer filed by the appellant as defendant in the present cause: "Many instances in which the complainant has violated the provisions of said agreement are set forth in the bill of complaint of this defendant against the complainant, which was filed in this court on the 22d day of June, 1899, and in the several exhibits thereto, which said bill of complaint and exhibits are prayed to be taken as parts of this answer." But the papers in question are not made exhibits to the answer, nor otherwise incorporated into it.

Under the decisions of this court in the cases of *Cammack* v. *Carpenter*, 3 App. D. C. 219, and *Whitaker* v. *Middle States Co.*, 7 App. D. C. 203, it is quite apparent that this reference does not suffice to incorporate the papers in question into the record so as to entitle them to the consideration of this

court. However proper it may be for the court below, or for any court in which the records are, to refer to the records of another case for use in a cause pending, such alien records can not, by reason of such reference, be used in the appellate tribunal. The appellate tribunal has not those records before it or within its control. They must in some way be made part of the record of the pending cause before the appellate tribunal can so regard them. As was said in the cases cited, the record of every cause on appeal must be complete in itself.

Nor does it make any difference that the cause here, the record of which is referred to, is, as stated, a companion case between the same parties and growing out of the same subject matter. Different circumstances may have determined the different orders entered in the two causes.

From the statements of counsel it would appear to be exceedingly desirable that both of these causes should be here at the same time, and should be heard together, as they were in the court below. And it is quite clear that, if any part of the record in the other case is proper to be here, the whole record should be before us. But we can only act upon the case as it is presented, and we are very clearly of opinion that as the case is now presented the transcript of record contains matter which is not entitled to be there.

The motion of the appellee to strike from the record the parts indicated must be *allowed.*

It is unnecessary to send the transcript back for correction, That would only be to accomplish by indirection what may be done directly, and which we have the means for doing directly in this court.

The appellee has also filed a suggestion of the diminution of the record, evidently with the view of bringing up the whole record in the second cause as part of the record in this first cause, in the event that his previous motion should be denied. In view of our action on the previous motion, it seems proper that the suggestion of diminution of record should be *disallowed.*